**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,
Debtor.

DR. A. UDUGAMPOLA, J.P.,No. 98-1825
Claimant-Appellant,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: December 29, 1998

Decided: February 8, 1999

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

A. Udugampola, Appellant Pro Se. Orran Lee Brown, Sr., DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dr. A. Udugampola asserted that his wife developed an infection and died as a result of her use of the Dalkon Shield. He elected to resolve his claim under Option 1 of the Claims Resolution Facility (CRF). Under Option 1 he was entitled to payment of $300. He accepted this payment as "full settlement and as valuable consideration for the release of all claims . . . arising out of the use by another person of the Dalkon Shield." On the face of the $300 check that the Dalkon Shield Claimants Trust (Trust) issued and Dr. Udugampola cashed was written, "Settlement of Dalkon Shield Claim." On the back of the check above the claimant endorsement signature line was an additional release: "I have read and executed the release agreement regarding my Dalkon Shield claim and hereby accept this payment in full and final settlement of my Dalkon Shield claim and in accordance with the terms of such release."

Despite his release, Dr. Udugampola filed a motion seeking an additional $100,000 in compensation. He stated that he elected Option 1 only because it was the most convenient option available to him. Further, he alleged that he chose that option because his wife's medical records were unavailable and he could not pursue other options. Finally, he contended that his financial and medical straits warranted the additional compensation.

The district court denied the motion upon the determination that Dr. Udugampola's circumstances did not justify repudiation of the contract. Dr. Udugampola timely appealed.

"The law strongly favors settlement of litigation, and there is a compelling public interest and policy in upholding and enforcing settlement agreements voluntarily entered into." Hemstreet v. Spiegel, Inc., 851 F.2d 348, 350 (Fed. Cir. 1988). The parties may not repudi-

2

ate a valid agreement once it is reached. See id. Because settlement agreements are considered contracts, see United States v. ITT Continental Baking Co., 420 U.S. 223, 238 (1975), and contract construction is a question of law, we review the district court's order de novo. See Nehi Bottling Co. v. All-American Bottling Corp. , 8 F.3d 157, 162 (4th Cir. 1993).

Here, Dr. Udugampola agreed to settle his claim for $300. As part of the settlement, he signed a release stating unambiguously that he was releasing his claim against the Trust and others. There was no coercion or material misrepresentation by the Trust. The release was valid, binding, and supported by adequate consideration. We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3